FILED

SEP 27 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                              ) Case No. 07-23632-D-13L
                                    ) Docket Control No. JAT-2
GWENDOLYN WATSON,                   )
                                    )
                                    ) DATE: September 18, 2007
              Debtor.               ) TIME: 1:00 p.m.
_____) DEPT: D, Courtroom 34

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.

## MEMORANDUM DECISION ON MOTION TO VALUE COLLATERAL OF WFS FINANCIAL

On May 16, 2007 Gwendolyn Watson (the "debtor"), debtor herein, filed a Chapter 13 case along with a Motion to Value the Collateral of Wachovia Dealer Services, fka WFS Financial, Inc. ("WFS"). The motion to value collateral seeks to value the debtor's 2006 Nissan Sentra (the "Automobile"). A hearing on the motion was held and the matter was taken under submission.

The debtor financed the purchase of the Automobile through WFS and the Automobile was purchased within 910 days preceding the filing of debtor's Chapter 13 case. As such, the debtor cannot value the Automobile under section 506(a) of the Bankruptcy Code if WFS holds a purchase money security interest in the Automobile pursuant to section 1325(a)(9).

At the time the debtor purchased the Automobile, she traded in a car (the "trade-in") that she owed money on. In order to purchase the Automobile the loan with WFS include $7,680 to pay off the balance owing on the trade-in. The issue before the court is whether this negative equity, which was included in the loan to purchase the Automobile, defeats WFS's purchase money security interest in the Automobile.

This precise issue was addressed in In re Cohrs, 2007 Westlaw 2186135 (Bankruptcy Eastern District of CA 2007). In the Cohrs case the court found that the financing of this negative equity does not defeat the purchase money secured status for the new loan. The court finds the Cohrs decision to be persuasive and fully adopts its reasoning and analysis herein. Accordingly, the motion will be denied by separate order .

Dated: September 27, 2007

*Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

# CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a true copy of the attached document was mailed today to the following entities listed at the address(es) shown below:

Office of the United States Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

John A. Tosney
331 J Street
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812-1858

Katrina Stolc
Severson & Werson
One Embarcadero Center, Suite 2600
San Francisco, CA 94111

DATE: September 27, 2007          _____
                                  Deputy Clerk